# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM F. EDGE, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:24-cv-4136 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| RICE DRILLING D, LLC, et al., | : | Magistrate Judge Elizabeth Preston |
| | : | Deavers |
| Defendants. | : | |

## **OPINION & ORDER**

This matter is before this Court on Plaintiffs' Motion to Remand ("Motion") (ECF No. 24). For the reasons set forth below, Plaintiffs' Motion to Remand (ECF No. 24) is **GRANTED**. Accordingly, the Motion to Sever (ECF No. 8), Supplemental Motion to Sever (ECF No. 52), and Motion to Stay (ECF No. 25) are **DENIED**.

## I. BACKGROUND

On March 12, 2024, Plaintiffs[1] filed a complaint in the Belmont County Common Pleas Court against defendants Rice Drilling D, LLC, Appalachia, LLC and Gulfport Energy Corporation, XTO Energy Inc., Phillips Exploration, LLC, and Ascent Resources Utica LLC ("Ascent") (collectively, "Defendants"). (ECF No. 1-1). Plaintiffs' claims arise from oil and gas leases with a reservation clause and seek the following relief against Defendants: "(1) declaratory

---

[1] William F. Edge, Jr., Barbara A. Edge, James A. Shepherd, Becky A. Shepherd, ML Clift, LLC, Harmony Place, LLC, Victoria L. Dornon, Don L. Fennerty, Angela G. Feenerty, Edward N. Ciroli, Jr., Suzanne Ciroli, The Feisley Farms Family Limited Partnership, Michelle Pat Freiberg, Richard, David Freiberg Dean Jarrett, Barbara Jarrett, Larry Jarrett, Edna Jane Jarrett, Robert L. Montag, Jason Palmer, Tonya Palmer, Sandra K. Stephens, Sandra K. Stephens, executor of the estate of Donald Stephens, Michael L. Skidmore, Sandra L. Skidmore, Clarence B. Wallace, Kathleen A. Wallace, Frank P. Walthour, III, Carmen L. Walthour, Geraldine West, Geraldine West, executor of the estate of Donald L. West, PBZ Farm, LLC, Scatterday, LLC, Jeffrey L. Burns, the executor of the estate of David Burns, Jeffrey L. Burns, Jill R. Carpenter, Jamie K. Callihan, Jodi R. Wells, Jana M. Mankin, MOAM Minerals International, LLC, MJT Minerals International, LLC, VEM Appalachian Minerals, LLC, and Roger Pierce.

judgment that the subject lease did not convey rights to produce oil and gas from below the base of the Utica Shale; (2) damages for intentional subsurface trespass; (3) damages for conversion; and (4) damages for unjust enrichment." (ECF Nos. 24 at 3; 9).

Defendants were served with the Complaint on October 10, 2024. (ECF No. 1 ¶ 2). On November 6, 2024, Defendants Rice Drilling D, LLC ("Rice"), Gulfport Appalachia, LLC, and Gulfport Energy Corporation ("collectively "Gulfport") filed a Notice of Removal to remove this case on the basis of diversity jurisdiction. (*Id*.). The Notice, however, indicates that Ascent is a Defendant that "may be an Ohio citizen" along with some of the Plaintiffs. (*Id*. ¶¶ 5(e)-(g)). On the same day, Rice and Gulfport filed a Motion to Sever requesting, *inter alia*, that this Court sever and remand claims involving the "dispensable and unnecessary" defendants: Ascent, XTO Energy Inc., and Phillips Exploration, LLC. (ECF No. 8).

In July of 2025, Defendants Gulfport, XTO Energy, Inc. and Ascent Resources-Utica, LLC were dismissed from this case with prejudice upon joint motions to dismiss pursuant to Federal Rule of Civil Procedure 21. (ECF Nos. 49; 51).

## II.  STANDARD OF REVIEW

When determining whether to remand a case, the Court must "determine whether the action was properly removed in the first place." *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 495 (6th Cir. 2016) (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). This case was removed pursuant to 28 U.S.C. § 1441, which provides that defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction includes federal-question jurisdiction and diversity jurisdiction. *Clarke v. Pollan*, No. 24-3548, 2024 WL 4903806, at *2 (6th Cir. Nov. 27, 2024). "The former requires a cause of action arising under' federal law. 28

2

U.S.C. § 1331. The latter requires diverse parties and a claim for over $75,000. 28 U.S.C. § 1332(a)(1)." *Clarke*, 2024 WL 4903806, at *2.

Rice and Gulfport maintain that removal is proper based on diversity jurisdiction. (ECF No. 1 ¶ 5). "When removal is based on diversity grounds," the question is "whether complete diversity exist[ed] at the time of removal." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999)). Complete diversity arises "when 'all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation.' " *Id.* at 495–96 (quoting *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).

The parties seeking removal bear the burden of establishing the right to do so. *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017). Moreover, any doubt as to whether remand is appropriate must be "resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

### III.   LAW & ANALYSIS

While Rice and Gulfport sought removal based on diversity jurisdiction under 28 U.S. § 1332, Plaintiff moves to remand, arguing that: (1) Ascent is an Ohio Citizen, thus, defeating diversity jurisdiction; (2) the Defendants are necessary parties; and (3) there has been no fraudulent joinder. (ECF No. 24 at 5, 10).

Rice has filed a supplemental motion in support of the motion to sever and in opposition to Plaintiffs' motion to remand. (ECF No. 52). In the supplemental motion, Rice argues that this Court effectively severed and dismissed the purported non-diverse Defendants from this case when this Court granted the joint motion to dismiss. On that basis, Rice urges this Court to retain jurisdiction and deny Plaintiffs' motion for remand. (*Id.*). Rice cites no authority in support of this request.

3

Where removal is sought on the basis of diversity jurisdiction, the controlling inquiry is whether complete diversity of citizenship existed among the parties *at the time the notice of removal was filed*. *Coyne*, 183 F.3d at 492. Indeed, a plaintiff who fails to object to removal may be deemed to have waived any challenge once a jurisdictional defect is cured and a federal court enters judgment. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). Plaintiffs, however, made no such waiver here. Plaintiffs' motion for remand remains pending, and thus, the validity of any eventual final judgment could be undermined if removal was improper from the outset. The Sixth Circuit has outlined the consequences of improper removal in light of later developments in jurisdiction:

> (1) if the plaintiff did not move to remand to state court, the judgment stands (*Grubbs* [*v. Gen. Elec. Credit Corp*., 405 U.S. 699 (1972)]; (2) even if the plaintiff moved to remand, the judgment will stand so long as considerations of finality and economy are compelling (particularly where a diversity case proceeds to summary judgment or trial, as in *Caterpillar*); but (3) the judgment might not stand if the plaintiff moves to remand and those finality and economy considerations are less significant (such as in a federal-question case that is dismissed before summary judgment, as in *Waste Control* [*Specialists LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781 (5th Cir.2000))—even if the plaintiff amended the complaint to state a federal claim. This all assumes, of course that jurisdiction exists at the time of judgment; if not, the judgment must be vacated. *Caterpillar,* 519 U.S. at 75–76, 117 S.Ct. 467.

*Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co*., 491 F.3d 320, 327 (6th Cir. 2007).

Accordingly, this Court must determine whether removal was proper at the time the notice of removal was filed.

Here, Rice and Gulfport concede that Ascent is an Ohio citizen but oppose remand, contending that the properly joined Defendants are citizens of different states from Plaintiffs and the amount in controversy exceeds $75,000. (ECF No. 30 at 6). The parties do not dispute that the amount in controversy exceeds this threshold. (ECF Nos. 24; 37). The parties also agree that Ascent is an Ohio citizen.

As such, this Court will turn to Rice and Gulfport's argument that removal was proper because: (1) the claims against Ascent should be severed and remanded based on the grounds that Ascent is an unnecessary and dispensable party; and (2) Ascent was fraudulently joined. (ECF No. 30 at 6, 9).

### A. Whether Ascent is an Unnecessary and Dispensable Party.

Rice and Gulfport argue that although Ascent is an Ohio citizen, the claims against it should be severed and remanded because Ascent is an unnecessary and dispensable party, and the case should proceed without it. (ECF No. 30 at 6). Rice and Gulfport rely on Federal Rules of Civil Procedure 19 and 21 to support the request to sever Ascent. Pursuant to Rule 19:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. Moreover, under Rule 21, this Court may "on just terms, add or drop a party. The court may also sever any claim against a party."

As explained by the Sixth Circuit, the option to "drop" a party or "Sever" a claim have significantly different legal consequences. *Kitchen v. Heyns*, 802 F.3d 873, 874–75 (6th Cir. 2015). When claims are severed, it results in the creation of two distinct and independent actions, each proceeding separately for purposes of final judgment and appeal. *Id*. Courts treat severed claims as if they had been filed as separate lawsuits from the beginning. *Id*. In contrast, dropping parties

maintains the integrity of the original lawsuit as the court dismisses the dropped defendants without prejudice, allowing the plaintiff to pursue a separate action against them based on the same claims. *Id*.

Courts have found that Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party." *Safeco Ins. Co. of America v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). Courts have similarly applied this principle to sever claims as a means of resolving jurisdictional defects in removed cases. *See, e.g.*, *Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009), *as amended* (May 27, 2009) (finding the defendant "correctly assert[ed] that under Rule 21 of the Federal Rules of Civil Procedure, [the court] can retain jurisdiction by severing claims against nondiverse dispensable defendants."); *W. Env't Corp. of Ohio v. Hardy Diagnostics*, No. 1:21-CV-194, 2022 WL 682665, at *2 (S.D. Ohio Mar. 8, 2022) ("[S]ome courts have severed claims against nondiverse dispensable defendants to remedy jurisdictional problems in a removed case."); *Willacy v. Marotta*, No. 1:14 CV 1858, 2014 WL 7338770, at *4 (N.D. Ohio Dec. 22, 2014) ("Under Rule 21 of the Federal Rules of Civil Procedure, a court can retain jurisdiction by severing claims against non-diverse dispensable defendants.")

To support the request that this Court retain jurisdiction by severing claims against Ascent, Rice and Gulfport cite four cases: *Schickel v. Wal-Mart Stores, Inc.*, 2008 WL 11381369, at *1 (N.D. Ohio July 25, 2008); *DeGidio v. Centocor, Inc.*, 2009 WL 1867676, at *2 (N.D. Ohio June 29, 2009), *as amended* (July 8, 2009); *Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009); and *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*,

6

2023 WL 3972499, at *2 (S.D. Ohio June 13, 2023). Each case, however, is materially distinguishable from the case *sub judice*.

In *Schickel*, the court dropped a fictitious defendant to preserve diversity jurisdiction, which is a circumstance far removed from the sever-and-remand request presented here. *Schickel v. Wal-Mart Stores, Inc.*, 2008 WL 11381369, at *1 (N.D. Ohio July 25, 2008). In *DeGidio*, the court severed and remanded claims in a case against "drug company defendants" and "healthcare defendants." 2009 WL 1867676, at *2. The plaintiff asserted claims against the drug company based on theories of products liability, fraud, civil conspiracy, and commercial bribery. *Id*. at *1. In contrast, the healthcare defendants faced allegations of medical malpractice. *Id*. The court held that the healthcare defendants were not necessary parties in the resolution of the claims against the drug company defendants, as the claims involved different legal standards and factual allegations. *Id*. at 3. Similarly, in *Joseph*, the court severed claims against the "healthcare defendants" accused of medical negligence from those against a defendant facing product liability allegations. 614 F. Supp. 2d at 872. The court found that the healthcare defendants were not necessary parties because a resolution of the claims against them would not necessarily resolve the plaintiffs' claims against the manufacturer defendant. *Id*. The court in *Davol* followed the same reasoning. 2023 WL 3972499, at *2.

Unlike the foregoing, Rice and Gulfport are not peripheral parties facing claims distinct from those against Ascent. Rather, they are jointly named defendants in claims alleging that the diverse and nondiverse defendants engaged in a joint venture giving rise to the claims, including trespass, unjust enrichment, conversion, and declaratory judgment. (ECF No. 8-1). The sever and remand sought here would not simply separate unrelated claims against unrelated defendants.

7

Instead, it would fragment a case where the parties are alleged to be joint tortfeasors. Severance under such circumstances is not appropriate.

This distinction is critical and further emphasized when applying Rules 19 and 21. To determine whether to invoke Rules 19 and 21 to drop a party or sever claims, courts have adopted a two-step process. *See Joseph*, 614 F. Supp. 2d at 872. The first step is to assess whether, under Rule 19(a), the party is necessary for just adjudication. If the party is necessary, the second step is to determine if the party is indispensable under Rule 19(b). *Id*.

### 1. Necessary

With respect to the first step, a party is necessary under Rule 19(a) if: "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco Ins. Co.,*, 36 F.3d at 546 (citing Fed. R. Civ. P. 19(a)(1), (2)(i)-(ii)).

Here, Ascent is a necessary party. Plaintiffs allege that Ascent was a joint venturer with Rice and Gulfport in drilling the wells at issue. (ECF No. 24 at 6–7). These claims in connection with the wells include trespass, unjust enrichment, conversion, and declaratory judgment. (ECF No. 8-1). Rice and Gulfport concede that the claims against Ascent are in connection with the wells but emphasize that there is a small number of wells related to Ascent and a small number of Plaintiffs asserting claims against Ascent. (ECF No. 30 at 2, 7). The limited number of claims, however, does not negate the legal and factual interdependence of the claims. (ECF No. 37 at 3). A decision concerning the joint venture and related liabilities would directly impact Ascent's interests. Rice and Gulfport argue otherwise, explaining that the court has ruled, twice, that a defendant would not be bound by any such judgment and can protect its interests through

8

independent litigation, once in *TERA II, LLC v. Rice Drilling D, LLC*, 679 F. Supp. 3d 620, 638–39 (S.D. Ohio 2023); and again in J&R *Passmore, LLC v. Rice Drilling D, LLC*, No. 2:18-CV-01587, 2023 WL 2667749, at *19 (S.D. Ohio Mar. 28, 2023). In *Tera II* and *Passmore*, the court simply declined to apply issue preclusion. Even if this meant that Ascent would not be bound by any judgment in this case, this case would nonetheless set precedent that will directly impact Ascent's interests given the same factual and legal arguments involved in the claims.

As opposed to the claims in the precedent referenced by Rice and Gulfport, Ascent's interest in the litigation cannot be so easily disentangled. Severing the claims would risk impairing Ascent's ability to defend its interests, given that all claims sought to be severed are based on alleged joint and several liability. That fact distinguishes this matter from the cases cited by Rice and Gulfport where courts severed claims against the nondiverse healthcare defendants facing legally and factually distinct claims from the diverse defendants. Here, Ascent is a necessary party to the claims asserted against it and the diverse defendants.

2. Indispensable

Because the party is necessary, this Court proceeds to "determine whether or not the party is indispensable. Relevant factors to consider include if: (1) a judgment rendered in the party's absence would prejudice the available party; (2) such prejudice could be lessened or avoided; (3) a judgment rendered in the party's absence would be adequate; and (4) the plaintiff has an adequate remedy if the action is dismissed for non-joinder." *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 682 (S.D. Ohio 2014) (citing *Soberay Mach. & Equip. Co.*, 181 F.3d at 764). Given the joint and several liability asserted and Ascent's role in the alleged venture, this Court finds that Ascent is an indispensable party.

*3. Severance*

This analysis, however, changes when looking at Rice and Gulfport's ultimate request: to sever any claim involving the non-diverse party. Indeed, Rice and Gulfport argue that there is no need for Ascent to be involved in a case litigating claims that Plaintiffs did not assert against Ascent. (ECF No. 30 at 9). They assert that, even if Ascent was a joint venturer as to the wells in which it owns an interest, that reasoning does not apply to the claims involving wells in which Ascent does not own an interest. (ECF No. 30 at 10). As such, Rice and Gulfport request that this Court retain jurisdiction over the claims that do not involve Ascent. This request mirrors the procedural posture in *W. Env't Corp. of Ohio v. Hardy Diagnostics*, No. 1:21-CV-194, 2022 WL 682665, at *2 (S.D. Ohio Mar. 8, 2022), where the court declined to sever claims.

In *Hardy Diagnostics*, the court remanded the case after it found no basis for severance under Rule 21 and declined to apply the Rule 19 analysis. 2022 WL 682665, at *3. The plaintiff brought foreclosure and breach of contract claims. The court noted that other courts have applied Rules 19 and 21 to sever "claims against nondiverse dispensable defendants to remedy jurisdictional problems in a removed case" and the defendants' argument for remand "focuses its attention on Rule 19, arguing that the [nondiverse defendants] are necessary for the foreclosure claim of action but not necessary for the breach of contract claims." *Id*. at *2-*3. Based on this posture, the nondiverse defendants could only be dropped if the foreclosure claim was severed under Rule 21. As such, the court began and ended its analysis with Rule 21 after finding that it could "discern no legally recognized reason for *severance*. Moreover, it is a long-established principle in the federal judiciary that 'joinder of claims, parties and remedies is strongly encouraged.'" *Id*. (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)).

Similarly here, this Court finds no legally recognized reason for severance. Like the defendants' request in *Hardy Diagnostics*, Rice and Gulfport's request would require this Court to sever claims before dropping the nondiverse parties. Factors to consider for severance include: (1) whether claims arise out of the same transaction or occurrence; (2) whether claims present some common question of law or fact; (3) whether settlement of claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims. *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 682 (S.D. Ohio 2014).

Here, the factors regarding whether claims arise out of the same transaction or occurrence and present some common question of law or fact weigh heavily against severance. Plaintiffs each entered into an oil and gas lease with Defendants and the lease contains the identical Reservation Clause at issue. Rice and Gulfport argue that each of the claims will turn largely on individualized intent concerning each separate lease, so the claims are distinct and separate transactions. (ECF No. 26 at 9). Rice and Gulfport rely heavily on the finding in *Passmore*, 2023 WL 2667749, where this Court found that there are two main issues in that case that will require individualized inquiry: the intent of the contracting parties; and establishing the individualized elements of the three tort claims alleged. 2023 WL 2667749, at *19. There, however, the question was whether "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Indeed, this Court observed that "[d]efendants' liability ultimately turns on questions of common law, and while central to step one of the legal analyses, the contract interpretation question cannot be said to predominate over the individualized inquiries required to resolve the actual, alleged injury to

11

Plaintiffs." 2023 WL 2667749, at *20. The analysis under Rule 21, however, does not turn on predominance.

Further, judicial economy favors resolving these matters together and the documentary proof and witnesses will inevitably have some overlap across claims. (ECF Nos. 26 at 9; 37 at 6). The only prejudice Rice and Gulfport claim would be avoided is prejudice resulting from a "de facto class action which the Court has already rejected in *Passmore*." This is not sufficient to justify this Court creating federal jurisdiction. As explained above, any doubt as to whether remand is appropriate must be "resolved in favor of remand." *Eastman*, 438 F.3d at 550 (quoting *Brown*, 75 F.3d at 864-65).

Accordingly, this Court finds that Ascent is both a necessary and indispensable party under Rule 19, and that severance under Rule 21 is neither appropriate nor warranted. The attempt to sever and remand claims against a non-diverse but necessary party in order to retain jurisdiction over the remaining claims is improper.

### B. Whether Ascent Was Fraudulently Misjoined

Rice and Gulfport further request that this Court sever Ascent on the ground that Ascent was fraudulently misjoined. (ECF No. 30 at 9-11). Under the doctrine of fraudulent misjoinder, "a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining unrelated claims of a plaintiff against non-diverse party defendants." *Geffen v. General Electric Co.*, 575 F.Supp.2d 865, 869–72 (N.D.Ohio 2008). As courts have explained, "[s]imilar to fraudulent joinder, '[t]he purpose of the [fraudulent misjoinder] doctrine is to sever improperly joined claims against non-diverse defendants and remand those claims to state court, while retaining diversity jurisdiction over the properly-joined claims against the diverse defendants.'" *Gipe v. Medtronic, Inc.*, 416 F. Supp. 3d 687, 697 (W.D.

12

Ky. 2019). (quoting *Estate of Owens v. E.I. Dupont de Nemours & Co.*, No. 12-111-DLB, 2013 U.S. Dist. LEXIS 189836, at *10 (E.D. Ky. June 17, 2013)).

The Sixth Circuit, however, has not adopted the fraudulent-misjoinder doctrine. *See Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 491 n.1 (6th Cir. 2013). In the absence of binding precedent, numerous courts within the Sixth Circuit have declined to apply the doctrine. For example, in *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 871 (N.D. Ohio 2008), the court declined application of the doctrine, emphasizing the lack of authority, conflicting case law, and the unsettled nature of the doctrine. The court also noted the many unanswered questions in the doctrine's application including whether to apply the doctrine, whether it requires egregious misjoinder or some other level of bad faith, whether to apply state or federal joinder law, and whether a federal court should be deciding issues of state joinder law in the first instance.

Other courts have expressed similar hesitation in applying the fraudulent misjoinder doctrine. *Jefferson Cap. Sys., LLC v. Alveranga*, No. 1:20-CV-00990, 2020 WL 6685304, at *5–6 (N.D. Ohio Nov. 12, 2020) ("[D]istrict courts in the Sixth Circuit have generally rejected the fraudulent *misjoinder* doctrine."); *Handshoe v. DePuy Synthes Sales, Inc.*, No. 7:19-CV-6-REW, 2019 WL 4039623, at *2–3 (E.D. Ky. Aug. 27, 2019) (quoting *Bird v. Carteret Mortg. Corp.*, No. 2:06-CV-588, 2007 WL 894841, at *5 (S.D. Ohio Mar. 22, 2007)) ("[J]urisdictional presumptions and binding rules of statutory construction, as well as the complexities of fraudulent misjoinder and its relative lack of necessity, support the conclusion that the doctrine is 'neither wise nor warranted' . . .Consequently, the Court declines to apply fraudulent misjoinder[6] as a means of disregarding the lack of complete diversity.").

In light of the absence of controlling Sixth Circuit authority and the consistent reluctance of district courts within this Circuit to adopt the fraudulent misjoinder doctrine, this Court declines

13

to apply it here. Consequently, because complete diversity is lacking, the Court finds that it lacks subject matter jurisdiction, and remand is appropriate.

### C. Whether the Removal Was Frivolous

Plaintiffs contend that Rice and Gulfport's removal was a meritless effort to manufacture diversity jurisdiction. (ECF No. 24 at 12). Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C.A. § 1447. Nonetheless, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

This Court finds that Rice and Gulfport did not lack an objectively reasonable basis for removal. Rice and Gulfport's argument was based, at least in part, on the doctrine of fraudulent misjoinder—an area of law that remains unsettled within the Sixth Circuit and has, at times, been recognized by other courts. *See, e.g.*, *Geffen*, 575 F. Supp. 2d at 869 ("The fraudulent misjoinder doctrine was first articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir.1996)" and "[n]otably, only one other Court of Appeals—the Fifth Circuit—has adopted the fraudulent misjoinder doctrine, *see In re Benjamin Moore & Co.,* 309 F.3d 296 (5th Cir.2002) . . . .").

Accordingly, because Rice and Gulfport advanced a colorable—though ultimately unsuccessful—argument in support of removal, the request for attorneys fees is denied.

14

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 24) is **GRANTED**. Plaintiffs' request for attorney's fees is **DENIED** and this case is **REMANDED** to the Belmont County Common Pleas Court. Accordingly, the pending Motion to Sever (ECF No. 8), Supplemental Motion to Sever (ECF No. 52), and Motion to Stay (ECF No. 25) are **DENIED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: September 9, 2025**